IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00936-GPG


NORMAN SIMPSON,

      Applicant,

v.

RANDY LIND, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

ORDER OF DISMISSAL

---

## I.  Background

      Applicant Norm Simpson is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Arkansas Valley Correctional Facility in Ordway, Colorado.   Applicant has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that challenges his conviction and sentence in State of Colorado Criminal Case No. 2000CR230.   In an order entered on May 2, 2015, Magistrate Judge Gordon P. Gallagher directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action.

      Respondents filed a Pre-Answer Response, ECF No. 10, on June 15, 2015. After three requests for extensions of time to file a reply, and the extensions being granted, Applicant filed a Reply, ECF No. 17, on October 27, 2015.

Applicant raises four claims in the Application as follows:

> (1)   The jury instruction for first and second degree attempted murder violated his constitutional right to due process of law under the Fourteenth and Fifth Amendments;
>
> (2)   The jury instruction for first degree burglary violated his constitutional right to due process of law under the Fourteenth and Fifth Amendments;
>
> (3)   Denial of ineffective assistance of counsel as stated in the postconviction motion and supplements in state court; and
>
> (4)   Denial of right to confrontation based on the trial court admitting a videotape by a prosecution witness in violation of the Sixth Amendment.

Application, ECF No. 1, at 5-6 and 10.

## II.  Analysis

The Court must construe liberally the Application and Reply because Applicant is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court does not "assume the role of advocate for the *pro se* litigant."   *See Hall*, 935 F.2d at 1110.

Applicant was found guilty by a jury trial on August 22, 2000, of second degree attempted murder, first degree burglary, trespassing, and menacing in Case No. 2000CR230 in the El Paso County District Court, ECF No. 10-1 at 4-5, and was sentenced on January 8, 2001, to sixteen years of incarceration in the DOC, *id.* at 3. Applicant appealed the conviction and sentence, which was affirmed on appeal.   *See People v. Simpson*, 93 P.3d 551, No. 01CA0322 (Colo. App. Nov. 6, 2003).   Applicant's petition for certiorari review to the Colorado Supreme Court (CSC) was denied on June 28, 2004.   *See* ECF No. 10-8, Ex. H.

Regarding Applicant's initial postconviction motion filed in the state district court on June 30, 2004, ECF No. 10-1, Ex. A, at 20, the Colorado Court of Appeals, in Applicant's

appeal of the June 30 postconviction motion, described the state court proceedings as

follows:

> Simpson appealed.   A division of this court affirmed his convictions
> and sentence in *People v. Simpson*, 93 P.3d 551 (Colo. App. 2003).
>
> Following his appeal, in June 2004, Simpson filed his initial Crim. P.
> 35(c) motion for postconviction relief.   Effective July 1, 2004, the Colorado
> Supreme Court amended Crim. P. 35 to expressly preclude review of
> certain types of claims under subsections (c)(3)(VI) and (c)(3)(VII).
> Thereafter, in July 2004, November 2004, July 2006, November 2006, and
> February 2007, Simpson filed motions to supplement his postconviction
> petition.
>
> The trial court held hearings on Simpson's various claims in
> February and June 2007.   It heard testimony from Simpson's trial and
> appellate counsel.   Ultimately, it denied Simpson's motion on all grounds
> . . . .

*People of the State of Colorado*, No. 07CA1551, 1-2 (Colo. App. May 31, 2012) (opinion

modified and petition for rehearing denied November 8, 2012); ECF No. 10-10, Ex. J, at

9-10.   On May 31, 2012, the Colorado Court of Appeals affirmed the trial court's order

denying Applicant's initial Colo. R. Crim. P. 35(c) postconviction motion on November 8,

2012.   ECF No. 10-10 at 35.   The Colorado Supreme Court dismissed Applicant's

certiorari proceeding on September 26, 2013, because he failed to file a petition for writ of

certiorari.   ECF No. 10-11, Ex. K.

On December 27, 2013, Applicant filed another motion for postconviction relief.

ECF No. 10-1, Ex. A, at 9.   The postconviction court denied the motion on January 30,

2014, but applicant did not appeal.   *Id.* at 8-9.

In his Reply, Applicant concedes that in part Respondents' time calculations are

accurate, but he argues the calculations are fatally flawed in part because of the

following.

Although Colorado law allows the state court to accept postconviction motions anytime, it could not adjudicate the merits of the motion until the Court of Appeals issued its mandate for the appeal in case number 2007CA1551.   The relevant procedural facts are:

The appeal was filed on 8/12/2007.

The state court issued its order denying the December 27, 2013 postconviction motion on 1/30/2014.

The Court of Appeals mandate was mot [sic] issued until July 25, 2014.

Thus, between 8/13/2007 and 7/25/2014 the state court lacked authority to issue any further orders in the case.

Reply, ECF No. 17, at 8-9.

Applicant's argument is incorrect.   Tolling is not extended for a postconviction motion to the date the mandate is issued.   *See Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004).   The authority of the CCA to recall, withdraw or stay, a mandate per Colo. App. R. 41.1, which appears to be the basis for Applicant's claim, *see* ECF No. 10-1, at 9, expires when the CSC denies a defendant's writ of certiorari.   *See People v. Bonilla-Garcia*, 51 P.3d 1035, 1037 (Colo. App. Oct. 11, 2001).   The petition for certiorari review in Case No. 2007CA1551 was denied on September 26, 2013.   ECF No. 10-11, Ex. K.

Furthermore, Applicant concedes that the second postconviction motion was properly filed on December 27, 2013.   ECF No. 17 at 9.   Applicant cannot argue both that a postconviction motion is properly filed but the district court could not rule on the properly filed postconviction motion.

Respondents argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).   *See* ECF No. 14 at 7-11.   Section 2244(d) provides as follows:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of–

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

For the following reasons, the Court will dismiss this action because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d), and Applicant fails to demonstrate equitable tolling should apply.

Applicant had ninety days to petition the United States Supreme Court after the CSC denied his petition for certiorari review on June 28, 2004, in his direct appeal.   See Sup. Ct. R. 13.1.   Applicant did not petition the United States Supreme Court for certiorari review.   Therefore, Applicant's conviction became final September 27, 2004, when the time for seeking review in the United States Supreme Court expired.   *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d

1153, 1155 (10th Cir. 1999); *see also* Sup. Ct. R. 30 (if last day of period is a Saturday the period is extended until the end of the next day that is not a Saturday or Sunday or federal legal holiday; the ninetieth day, September 26, 2004, was on a Sunday).   Accordingly, for purposes of § 2244(d), time began to run on September 28, 2004, the day after Applicant's sentence became final.

The Court next must determine whether any of Applicant's state postconviction motions tolled the one-year limitation period.   Pursuant to 28 U.S.C.§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.

As stated above, Applicant filed his first postconviction motion on June 30, 2004, two days after the CSC denied his petition for certiorari review in his direct appeal.   This motion was pending in state court until September 26, 2013, when the CSC denied Applicant's petition for certiorari review in the postconviction motion.   Applicant then filed a second postconviction motion on December 27, 2013.   *See* ECF No. 10-1 at 9.   The time from September 27, 2013, the day after Applicant's first postconviction motion was final, until December 26, 2013, the day prior to when the second postconviction motion was filed, **91** days, is not tolled for the purpose of § 2244(d).

Also as stated above, the state district court denied the second postconviction motion on January 30, 2014, and Applicant did not appeal.   Applicant had forty-nine days to appeal the district court's denial and tolling expired once the forty-nine days had run. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); Colo. App. R. 4(b) (Pursuant to the rule in effect at the time Applicant was sentenced, he had forty-nine days to file a notice of appeal after the postconviction court denied the second motion.)   The second postconviction, therefore,

6

was final on March 20, 2014.   No other postconviction motions either are entered on the

state court register, ECF No. 10-1, or identified by Applicant in the Application or Reply or

by Respondents in the Pre-Answer Response.

Applicant signed and dated the Application in this case on April 29, 2015.   For

purposes of this action, the mailbox rule states that an inmate who places a habeas

petition "in the prison's internal mail system will be treated as having 'filed' [the petition]

on the date it is given to prison authorities for mailing to the court."   *Price v. Philpot*, 420

F.3d 1158, 1165 (10th Cir.2005) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)).

"However, the inmate must attest that such a timely filing was made and has the burden

of proof on this issue."   *Id.* (citing *United States v. Ceballos–Martinez*, 387 F.3d 1140,

1143 (10th Cir. 2004)).   In order to establish a timely filing, an inmate must either (1)

prove that he made timely use of the prison's legal mail system if a satisfactory system is

available; or (2) if a legal mail system is not available, prove timely use of the prison's

regular mail system by submitting a notarized statement or a declaration under penalty of

perjury indicating the date on which the document was given to prison officials for mailing.

*Id.* (citing *Ceballos–Martinez*, 387 F.3d at 1144–45).   Applicant has not complied with

either of the requirements in *Price*.   The Application, therefore, was filed on May 1, 2015,

the date the Court received and filed the Application.

Therefore, the day after the second postconviction motion became final, March 21,

2014, until April 30, 2015, the day prior to when Applicant filed this action, **406** days, is not

tolled for the purpose of § 2244(d).   Overall, **497** days are not tolled for the purpose of

§ 2244(d).   The action, therefore, is time barred.

Applicant does not allege in the Application or the Reply that there are any

constitutional rights newly recognized by the Supreme Court that apply to his claims.

§ 2244(d)(1)(C).   Applicant also does not assert that he could not have discovered the factual predicate of his claims through the exercise of due diligence.   § 2244(d)(1)D). Applicant further does not assert that the state created an impediment to filing an application in violation of the Constitution or laws of the United States under § 2244(d)(1)(B).   Accordingly, the Application is time-barred unless it is subject to equitable tolling.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."   *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010).   "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."   *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)).   The inmate must allege with specificity the steps he took to pursue his federal claims.   *Yang*, 525 F.3d at 930. Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

Applicant asserts in the Reply that the time period under 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons.   ECF No. 17 at 2.   He further states that equitable tolling may be appropriate if (1) an inmate is actually innocent; (2) an "adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing"; or (3) an "inmate actively pursues judicial remedies but files a defective pleading within the statutory period."   *Id.* at 3.

Applicant fails to meet the burden of demonstrating that equitable tolling is appropriate.   *See Miller*, 141 F.3d at 978.

A credible showing of actual innocence provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period in § 2244(d).   *McQuiggin v. Perkins*, — U.S. — ,133 S. Ct. 1924 (2013). However, "tenable actual-innocence gateway pleas are rare."   *Id.* at *1928.   To be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."   *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see McQuiggin*, 133 S. Ct. at *1936 (applying actual innocence test in *Schlup* to one-year limitation period in § 2244(d)).

The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."   *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 133 S. Ct. at *1936.

Applicant asserts that he declares under penalty of perjury that he is not guilty of attempted murder or burglary.   His claim is not based on new reliable evidence under the *Schlup* standard; and nothing in *Schlup* suggests that Applicant is entitled to perform evidence gathering as part of a habeas action to obtain new reliable evidence so that he may proceed based on actual innocence.   Applicant's argument falls far short of the showing that is necessary to support a credible claim of actual innocence under *Schlup*. Therefore, the Court finds no basis for an equitable exception to the one-year limitation period based on actual innocence.

Applicant also does not assert any basis for this Court to find he was prevented from filing this action due to uncontrollable circumstances or that he filed a defective pleading within the statutory period.    Applicant, therefore, has not met his burden to demonstrate extraordinary circumstances and due diligence that would support a finding of equitable tolling under *Holland*.   *See Mack v. Falk*, 509 F. App'x 756, 760 (10th Cir. 2013).

Based on the above findings, the Court will dismiss this action with prejudice as time-barred.   *See Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (dismissal as time barred operates as a dismissal with prejudice).

## III.  Conclusion

Because the action clearly is time-barred, the Court will refrain from addressing whether the claims are exhausted.

The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d).   It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district

court was correct in its procedural ruling.   *See Slack v. McDaniel*, 529 U.S. 473, 484-85

(2000).   It is

      FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

      DATED at Denver, Colorado, this __19th__ day of ____November_____, 2015.

                        BY THE COURT:


                        ___s/Lewis T. Babcock_____
                        LEWIS T. BABCOCK, Senior Judge
                        United States District Court